**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

VICTOR GUTIERREZ.,

Plaintiff,

v.

PASSAIC COUNTY SHERIFF'S DEP'T, *et al*,

Defendant.

Civil Action No.: 16-05392 (JLL)

**OPINION**

**LINARES**, District Judge.

This matter comes before the Court by way of two motions to dismiss Plaintiff's Complaint. (ECF Nos. 19, 36).[1] Defendants City of Paterson and City of Paterson Police Department (collectively, "Paterson") moved for dismissal on December 22, 2016. (ECF No. 19). Defendant City of Newark ("Newark") moved for dismissal on January 10, 2017. (ECF No. 36). Plaintiff has opposed these motions, (ECF Nos. 41, 42) and Defendants have replied to Plaintiff's opposition (ECF Nos. 44, 48). The Court decides these motions without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated herein, the Court grants the Moving Defendants' motions to dismiss the Complaint as against the Moving Defendants.

[1] Currently pending on the Court's docket is a motion to dismiss filed on behalf of Immigration and Customs Enforcement, Department of Homeland Security ("ICE") on January 13, 2017. (ECF No. 37). Since the filing of said motion to dismiss, ICE has been dismissed from this action. (See ECF Nos. 52, 53). Accordingly, the Court administratively terminates the motion to dismiss filed by ICE.

## I. Background

Plaintiff Victor Gutierrez is a New Jersey resident, residing in Jersey City. (ECF No. 1, Compl. ¶ 4). This action arises out of two separate incidents, the first occurring on March 1, 2014 and the second occurring on February 14, 2015, during which Plaintiff was arrested and detained by various law enforcement agencies after having been mistaken for another individual with the same name. (Id. ¶¶ 14, 43). Specifically, Plaintiff alleges the following.

On or about February 14, 2015, Plaintiff was preparing to board a flight at Newark Airport. (Id. ¶¶ 14-15). However, prior to boarding said flight, Plaintiff alleges that he was "unlawfully detained, without probable cause, by various law enforcement agencies, including, but not limited to, Defendants [ICE], City of Newark Police Department, and/or Port Authority of New York and New Jersey." (Id. ¶ 16). Plaintiff alleges that the aforesaid Defendants mistakenly believed Plaintiff to be another individual by the same name (hereinafter "VG") who was the subject of an arrest warrant. (Id. ¶¶ 18). At the time of his arrest, Plaintiff provided proof to law enforcement, by way of official court documents, that he was not, in fact, VZ. (Id. ¶ 20). Plaintiff alleges that law enforcement "knowingly ignored the documentation and continued to arrest, detain, and remove Plaintiff" in front of numerous bystanders. (Id. ¶¶ 21, 22). Plaintiff was initially taken into custody and handcuffed to a bench in the Newark Terminal. (Id. ¶ 24).

Plaintiff alleges that thereafter, he was "turned over to the Defendants Port Authority of New York and New Jersey and/or the City of Newark Police Department" and that he was then escorted to Port Authority headquarters. (Id. ¶¶ 25, 27). Plaintiff was initially detained for two hours at the Port Authority Police Department. (Id. ¶ 30). According to Plaintiff, "Defendants Passaic County Sheriff's Department and/or the City of Paterson Police Department" were notified of his arrest. (Id. ¶ 31). Thereafter, the Passaic County Defendants "in concert with Defendants

City of Paterson and City of Paterson Police Officers John and Jane Does Police Officers 11-15 took custody of Plaintiff," who was then booked by a Passaic County Sheriff's Officer. (Id. ¶ 33). Plaintiff remained at the Passaic County Jail for four and a half days. (Id. ¶ 34). During this period of incarceration, the Passaic Defendants allegedly advised Plaintiff's counsel that they knew that Plaintiff was not VG. (Id. ¶ 35). According to Plaintiff, "despite knowing that [he] was not subject to any arrest warrant, Defendants would not release [him] from the Passaic County Jail." (Id. ¶ 36). Further, Plaintiff alleges that the Passaic County Sheriff's Department has admitted that Plaintiff's arrest and detention was "in error." (Id. ¶ 39).

According to Plaintiff, this was not the first time he was mistaken for VG by law enforcement. That is, Plaintiff alleges that on or about March 1, 2014, he was detained by Defendant Passaic County Sheriff's Department "as a result of identical facts." (Id. ¶ 43). Plaintiff was incarcerated for one and a half days before he was released in conjunction with the March arrest. (Id. ¶ 44). At court proceedings before the Honorable Randal C. Chiocca, J.S.C. on or about July 14, 2014, a Passaic County Assistant Prosecutor confirmed that Plaintiff's fingerprints did not match those of VG, who was indicted in 2003. (Id. ¶ 48). The Assistant Prosecutor therefore confirmed that Plaintiff was not, in fact, VG. (Id. ¶ 49). The Assistant Prosecutor "asked the Court to reinstate the bench warrant but did so with the correct SBI number for the 2003 arrest" of VG. (Id. ¶ 50).[2]

In response to concerns that Plaintiff was likely to again be mistaken for VG and re-arrested, the Court provided Plaintiff with documentation which he could provide to law

[2] The State of New Jersey, New Jersey State Police define "SBI Number" as a "State Bureau of Identification number" that "is a unique number assigned by the NJ State Bureau of Identification for use in identifying all criminal and non-criminal fingerprints kept on file within the bureau." https://www.njportal.com/njsp/criminalrecords/Support/Help.aspx

enforcement to prove that he is not the individual against whom a bench warrant had been issued. (Id. ¶ 53). This documentation is the same documentation that Plaintiff attempted to provide to law enforcement at the time of his February 14, 2015 arrest.

Against this backdrop, on September 2, 2016, Plaintiff filed the instant lawsuit against a number of law enforcement agents and agencies and public entities. Generally, Plaintiff alleges that "there is no system in place that checks, mitigates or eliminates the risk that incorrectly, illegally, or falsely issued warrants will result in arrest despite knowledge of illegality or falsity of the warrants themselves." (Id. ¶ 54). Plaintiff asserts claims for violation of his civil rights pursuant to 42 U.S.C. § 1983 (Counts One through Four, Seven and Eight), intentional infliction of emotional distress (Count Five), negligence (Count Six) and *respondeat superior* (Count Nine).

The Paterson Defendants moved to dismiss the complaint on December 22, 2016 (ECF No. 19, "Paterson Mov. Br."), Plaintiff opposed that motion on January 18, 2017 (ECF No. 41, "Pl.'s Paterson Opp."), and the Paterson Defendants replied to Plaintiff's opposition on January 30, 2017 (ECF No. 48, "Paterson Reply Br.").[3] The City of Newark moved to dismiss the complaint on January 10, 2017 (ECF No. 36, "Newark Mov. Br."), and that motion is likewise fully briefed.

---

[3] Plaintiff has named the City of Paterson and the Paterson Police Department as Defendants in this action. Plaintiff has also named the Newark Police Department as a Defendant; however, Plaintiff has not named the City of Newark as a Defendant. The Paterson Defendants argue, and Plaintiff concedes, that dismissal of the Paterson Police Department is appropriate, as the Paterson Police Department is not a separate entity from the City of Paterson. (ECF No. 41, "Pl.'s Paterson Opp. Br." at 5, citing N.J.S.A. 40A:14-118); *see, e.g., Padila v. Township of Cherry Hill*, 110 Fed App'x 272, 278 (3d Cir. 2004) (finding that dismissal of § 1983 claims against defendant Police Department was warranted "[b]ecause the Police Department is merely an arm of the Township"); *Adams v. City of Camden*, 461 F. Supp. 2d 263, 265 (D.N.J. 2006) (granting judgment as a matter of law in favor of a New Jersey municipal police department because "[i]n New Jersey a municipal police department is not an entity separate from the municipality."). Accordingly, the Paterson Defendants' motion to dismiss the Paterson Police Department from this action is granted, and the Paterson Police Department is dismissed with prejudice.

(*See* ECF Nos. 44, "Pl.'s Newark Opp.";45, "Newark Reply Br.").[4] These motions are now ripe for the Court's adjudication.

## II. Legal Standard

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 62, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). Additionally, in evaluating a plaintiff's claims, generally "a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record." *Jordan v. Fox, Rothschild, O'Brien & Frankel,* 20 F.3d 1250, 1261 (3d Cir. 1994).

## III. Discussion

### A. Counts One through Four, Seven and Eight

In Counts One through Four and Counts Seven and Eight of the Complaint, Plaintiff purports to allege claims against all Defendants pursuant to 42 U.S.C. § 1983 for violations of his civil rights. (Compl. at 10-18, 22-30). Both Moving Defendants seek dismissal of Plaintiff's claims under Section 1983.

---

[4] Although the City of Newark is not named as a Defendant, Corporation Counsel for the City of Newark has noted that Defendant City of Newark was improperly pled as the Newark Police Department. Plaintiff does not appear to dispute this statement. Accordingly, and for the reasons discussed, *infra* in footnote 1, hereinafter, the Court construes all allegations against the Newark Police Department as having been asserted against the City of Newark.

A plaintiff may assert a claim under Section 1983 against a municipality only upon alleging that the municipality has a policy or custom which causes a particular constitutional violation. *See Monell v. Dept. of Soc. Servs. of City of New York,* 436 U.S. 658, 694 (1978). "A policy or custom may also exist where 'the policymaker has failed to act affirmatively at all, [though] the need to take some action to control the agents of the government 'is so obvious, and the inadequacy of existing practice so likely to result in the violation of constitutional rights, that the policymaker can reasonably be said to have been deliberately indifferent to the need.'" *Natale v. Camden County Correctional* Facility, 318 F.3d 575, 584 (3d Cir. 2003) (quoting *Board of County Com'rs of Bryan County v.* Brown, 520 U.S. 397, 417-418 (1997)).

At the outset, the Court notes that separate and apart from Plaintiff's pleadings with respect to *Monell* liability, Plaintiff's claims under Section 1983 fail to meet the threshold pleading requirements outlined in Federal Rule of Civil Procedure 8(a). Under that Rule, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Here, although Plaintiff purports to bring claims under Section 1983 against both Moving Defendants, among others, Plaintiff has failed to plead particular facts as against these Defendants. That is, Plaintiff's Complaint fails to differentiate between the conduct of the dozen or so Defendants named in this action. (*See* Newark Mov. Br. at 9). In the absence of more particularized allegations, the Court, and presumably the Defendants, have great difficulty in analyzing Plaintiff's claims under *Monell* vis à vis these Moving Defendants.

For his part, Plaintiff maintains that he has sufficiently pled a municipal policy or custom because: (1) he pled that the February 2015 arrest was "not the first time Plaintiff has been held captive without probable cause," and; (2) that Plaintiff pled "that Defendants failed to have a system in place that checks against second or subsequent unconstitutional seizures despite

knowledge of the falsity of the warrants themselves." (Pl.'s Paterson Opp. at 13-15). Stated differently, Plaintiff argues that Defendants were deliberately indifferent in failing to prevent his second arrest. (Pl.'s Newark Op. at 12).

Plaintiff's claim for *Monell* liability presupposes that the Moving Defendants had knowledge of Defendant's first arrest. As Paterson points out, however, Plaintiff has not pled that the City of Paterson was in any way involved in Plaintiff's first arrest in March 2014. (Paterson Reply Br. at 3). Rather, in a section of his Complaint entitled "Factual Basis Common to All Claims," Plaintiff alleges that with respect to the March 2014 arrest, he was detained by Defendant Passaic County Sheriff's Department. (Compl. ¶ 43). Plaintiff does not allege any specific actions taken by Paterson or Newark with respect to the March 2014 arrest. That is, Plaintiff has not pled that he was detained in or by the Cities of Paterson or Newark or their respective Police Departments on March 1, 2014. In fact, Plaintiff provides limited information with respect to the circumstances surrounding his first arrest, other than to say that the 2014 arrest was "as a result of identical facts," presumably to his second arrest.[5]

Plaintiff has failed to provide any factual allegations to support an inference that the Cities of Newark or Paterson were or should have been aware of his March 2014 erroneous arrest—an arrest which was effectuated by the Passaic County Sheriff's Department. (Id. ¶ 43). Plaintiff cannot reasonably argue that the Moving Defendants had a policy or custom in place in which they failed to prevent repeated arrests where Plaintiff has not even sufficiently pled that the municipalities had knowledge of the first wrongful arrest.[6]

---

[5] The Court declines to make any assumptions or inferences as to what the "identical facts" were that resulted in Plaintiff's 2014 arrest.

[6] Plaintiff does summarily allege that the Moving Defendants, among others, "knew or should have known that [Plaintiff] was detained and taken into custody erroneously." (Id. ¶ 57). However, it

As Plaintiff's claims under Section 1983 fail to comply with Rule 8(a) as to the Moving Defendants, and because Plaintiff has failed to sufficiently plead *Monell* liability, Counts One through Four and Counts Seven and Eight of the Complaint are hereby dismissed as against Paterson and Newark.

**B. Count Five**

The Moving Defendants seeks dismissal of Count Five of Plaintiff's Complaint, which asserts a claim for intentional infliction of emotional distress ("IIED"). (Paterson Mov. Br. at 8; Newark Mov. Br. at 4-5). Among other arguments that the Court need not address, Paterson maintains that municipalities "cannot be held liable for [their] employees' intentional conduct." (Paterson Mov. Br. at 11).

"Under New Jersey law, to prevail on a common law cause of action for intentional infliction of emotional distress, '[t]he plaintiff must establish intentional [or reckless] and outrageous conduct by the defendant, proximate cause, and distress that is severe.'" *Fidanzato v. Somerset*, 11-cv-5132 (FLW), 2012 WL 4508008, at *11 (D.N.J. Sept. 28, 2012) (quoting *Buckley v. Trenton Saving Fund Soc'y*, 111 N.J. 355, 366 (N.J. 1988)). A "defendant must intend both to do the act and to produce emotional distress." *Buckley*, 111 N.J. at 366. Additionally, "the defendant's conduct must be extreme and outrageous," and "the emotional distress suffered by the plaintiff must be so severe that no reasonable man could be expected to endure it." *Id.* at 366-67 (internal citation and quotation marks omitted).

Under N.J.S.A.59:2-10, a public entity cannot be held liable for the willful misconduct of its employees. N.J.S.A. 59:2-10 states: "A public entity is not liable for the acts or omissions of a

---

is unclear whether this allegation is in reference to the first or second arrest, and, in any event, the allegations is not supported by any facts.

public employee constituting a crime, actual fraud, actual malice, or willful misconduct." *McGovern v. City of Jersey City*, 98-cv-5186 (JLL), 2006 WL 42236, *15 (D.N.J. Jan. 6, 2006) (granting summary judgment in defendant municipality's favor on intentional infliction of emotional distress claim pursuant to the New Jersey Tort Claims Act).

Plaintiff contends that he can prove his IIED claim pursuant to either intentional *or reckless* conduct, and that therefore, his claim does not fall within the purview of the New Jersey Tort Claims Act's proscriptions. (Pl.'s Paterson Opp. at 8). Plaintiff is correct that a Plaintiff may succeed on his IIED claim by proving recklessness. *See, e.g., Buckley*, 111 N.J. at 361. That is, "liability [for IIED] will also attach when the defendant acts recklessly in deliberate disregard of a high degree of probability that emotional distress will follow." *Id.* However, Plaintiff has not cited to any case law to support his position that a public entity may be liable for IIED premised upon reckless, as opposed to intentional conduct. Nor is the Court aware of any such cases. To the contrary, Courts within this District have routinely held that municipalities cannot be held liable for claims of IIED based upon the conduct of their employees. *See Habayeb v. Butler*, No. 15-5107, 2016 WL 1242763, at *7 (D.N.J. Mar. 29, 2016) (Rodriguez, J.) (collecting cases); *see also Kee v. Camden*, 4-cv-0842, 2006 WL 2827733, *6 (D.N.J. Sept. 28, 2006) (Simandle, J.) ("Courts in this District have interpreted Section 59:2-10 of the New Jersey Tort Claims Act to bar public entities from liability for claims of intentional torts, including claims for intentional infliction of emotional distress.").

For the above reasons, the Moving Defendants' motion to dismiss Count Six of Plaintiff's Complaint is hereby granted and Plaintiff's claim of Intentional Infliction of Emotional Distress against Defendants Paterson and Newark is hereby dismissed with prejudice.

**C. Count Six**

In Count Six, Plaintiff purports to assert claims against all Defendants for negligence. (Compl. ¶¶ 81-84). Therein, Plaintiff summarily alleges that the Defendants, which include the Moving Defendants, "were negligent in their performance and/or failure to perform duties undertaken in the course of their employment, including, but not limited to failure to use due care at or about the times of the aforementioned incident." (Id. ¶ 82). Plaintiff further alleges that he suffered physical, psychological, and emotional distress as a result of the Defendants' "breach[]" of the "duty to use due care." (Id. ¶¶ 83-84).

Newark argues, *inter alia*, that because Plaintiff's negligence claim is premised upon the Defendants' alleged negligence "in the course of their *employment*," and because the City of Newark, as an entity, cannot be said to be an "employee," Plaintiff's negligence claim is inapplicable as to Newark. (Newark Mov. Br. at 11-12). In response, Plaintiff states that "[a]t this stage, this Court must accept as true that Defendant itself as well as John and Jane Doe Police Officers, as agent of Defendant, Complaint ¶ 10, were, at a minimum, negligent in breaching a duty of care owned to Plaintiff." (Pl.'s Newark Opp. at 7).

As explained above, Rule 8(a) requires that a complaint must be sufficiently pled so as to place Defendants on notice of the allegations asserted them. Specifically, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Here, because Plaintiff's negligence claim, as pled, is nonsensical as to Paterson and Newark, the Court will grant both Moving Defendants' motions to dismiss Count Six. Moreover, Plaintiff's negligence claim does not survive dismissal merely because he has named as Defendants "John and Jane Does Police Officers 1-20." With respect to Plaintiff's negligence claim, Plaintiff has not specified by which of the numerous law enforcement agencies implicated

in the complaint the unknown police officers are employed. Nor, for that matter, has Plaintiff made any specific allegations of wrongdoing as against these unknown officers.

The Court notes that earlier in his Complaint, Plaintiff alleges that in concert with numerous other Defendants, and in the context of the February 2015 arrest, the Passaic Defendants "and City of Paterson Police Officers John and Jane Does Police Officers 11-15 took custody of Plaintiff . . . and Plaintiff was booked by [a] Passaic County Sheriff's Officer." (Compl. ¶ 33). Plaintiff also summarily alleges that "City of Paterson and City of Paterson Police Officers John and Jane Doe Police Officers 11-15 had acknowledge knowledge that Plaintiff . . . was not the subject of the warrant, rendering the arrest and continued detention illegal and without probable cause." To the extent Plaintiff learns, through the course of discovery, the identity of these as yet unknown Paterson Police Officers, and to the extent that Plaintiff is able to assert allegations supported by fact as against same, Plaintiff may, of course, file the appropriate motion to amend his Complaint. See Fed. R. Civ. P. 15.

**D. Count Nine**

In Count Nine of the Complaint, Plaintiff seeks to hold numerous Defendants, including the Moving Defendants, liable under a theory of *respondeat superior*. (Compl. ¶¶ 98-101). The Moving Defendants correctly note that "[g]overnmental entities cannot be held liable under Section 1983 for acts of their employees on a *respondeat superior* theory." (Paterson Mov. Br. at 13; *see also* Newark Mov. Br. at 6). Because the law is clear that "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory," *Monell*, 436 U.S. at 691, the Court will dismiss Count Nine of the Complaint as against the Moving Defendants.

In opposition, Plaintiff states that dismissal of Count Nine is "not the appropriate remedy given that Count Five (Intentional Infliction of Emotional Distress) and Count Six (Negligence)

are *not* rooted in the federal framework, but are common law torts." (Pl.'s Paterson Op. at 9; Pl.'s Newark Op. at 8). To the extent Plaintiff is arguing that Count Nine of his Complaint is not, in fact, premised upon Section 1983 liability, that argument is belied by his second argument that Count Nine should survive because he has properly pled a municipal policy or custom (i.e., *Monell* liability). (Pl.'s Paterson Opp. at 9). However, even if the Court were to construe Count Nine as asserting *respondeat superior* claims against the municipality based upon claims of IIED and negligence, dismissal would nevertheless be warranted because, as discussed above, the Court has dismissed these claims as against the Moving Defendants.

## IV. Conclusion

For the reasons stated above, the Court grants the motions to dismiss filed on behalf of the Cities of Newark and Paterson. An appropriate Order accompanies this Opinion.

IT IS SO ORDERED.

DATED: March 2Nd, 2017

JOSE L. LINARES, U.S.D.J.